IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ROBERT GEORGE JEFFERSON,**

Petitioner,

v.

Case No. 3:25-CV-1284-NJR

**WARDEN OF FCI GREENVILLE,**

Respondent.

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner Robert George Jefferson. (Doc. 1). Jefferson is serving a life sentence after a jury found him guilty of six counts of murder (including five young children), two counts of attempted murder, running a continuing criminal enterprise ("CCE"), various drug charges, assault with a dangerous weapon, and possession of a firearm as a felon in August 1998. *See Jefferson v. United States*, No. CIV. 01-1821(MJD), 2002 WL 31748610, at *1 (D. Minn. Dec. 3, 2002). Jefferson's convictions and sentence were affirmed on appeal. *United States v. Jefferson*, 215 F.3d 820 (8th Cir. 2000) *cert. denied*, 531 U.S. 911 (Oct. 2, 2000).

Jefferson is currently incarcerated at the Federal Correctional Institution Greenville, which is within the Southern District of Illinois. In his § 2241 Petition, Jefferson asserts that he is being subjected to an unduly prolonged incarceration in violation of his Fifth Amendment right "Not to be Deprived of his Life or Liberty." (Doc. 1

at p. 12). Jefferson claims that although he was found guilty of multiple counts under 18 U.S.C. 1959(a)(1) for Murder in Aid of Racketeering, the jury was instructed to consider whether he committed murder as defined under Minnesota law. Thus, he argues, Minnesota law governed the murder counts and should have governed his sentence as well. But, while Minnesota law allows a defendant sentenced to life imprisonment to be paroled after serving 30 years, he was sentenced in federal court to life without the possibility of parole. Furthermore, because he is not eligible for parole, he also is not eligible for any credits off his sentence in the Bureau of Prisons. Jefferson asks this Court to either remand his case to the District of Minnesota for resentencing or to immediately release him since he has already served 332 months in prison, which would be equal to or exceed 360 months (30 years) if good time credits were applied.

The Petition is now before the Court for preliminary review under Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) authorizes the Court to apply this rule to cases filed under § 2241.

An inmate may bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 to challenge the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012). Petitions under § 2241 may not be used to raise claims of legal error in conviction or sentencing; they may only challenge the execution of a sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Thus,

aside from the direct appeal process, a prisoner who has been convicted in federal court is usually limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court that sentenced him. *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). If the inmate is claiming his sentence was imposed in violation of the Constitution or laws of the United States, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack, he must file a motion under 28 U.S.C. § 2255. *Franklin v. Keyes*, 30 F.4th 634, 638 (7th Cir. 2022); *see also Jones v. Hendrix*, 599 U.S. 465, 469 (2023) ("Since 1948, Congress has provided that a federal prisoner who collaterally attacks his sentence ordinarily must proceed by a motion in the sentencing court under § 2255, rather than by a petition for a writ of habeas corpus under § 2241.").

Here, Jefferson is collaterally challenging the length of the sentence imposed by the district court—life without the possibility of parole—and argues it was imposed in violation of the Constitution. This falls squarely within the purview of § 2255. Although Jefferson mentions the Bureau of Prisons' failure to apply good time credits, the crux of his argument is that he was wrongly sentenced to life imprisonment. And as a result, there is no term of months from which credits could be deducted. Because Jefferson is not challenging the execution of his sentence, § 2241 is the not proper vehicle for his petition.

It plainly appears that Petitioner Robert George Jefferson is not entitled to relief in this district court; therefore, his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED without prejudice**.

If Jefferson wishes to appeal this Order, he must file a notice of appeal with this

Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). If Jefferson chooses to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). If Jefferson files a motion for leave to appeal *in forma pauperis*, he must include in his motion a description of the issues he intends to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C).

It is not necessary for Jefferson to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk's Office is **DIRECTED** to enter judgment and close this case.

**IT IS SO ORDERED.**

DATED:   July 9, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**